A. O. MOLDEN v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.[1]

April 16, 1926.

No. 25,231.

**Former decision law of the case.**

1. The record of a second trial found to be so far the same in substance as that of the first that the opinion on a former appeal is *held* to be the law of the case.

**Decedent not chargeable with negligence of driver of car.**

2. The decedent met his death while a passenger in an automobile belonging to and driven by his brother, the trip being made to serve

[1]Reported in 208 N. W. 541.

the convenience of the former and through the courtesy of the latter. There was no contract of employment, expressed or implied. Deceased had no legal right of control over the car and its operation. *Held* that the relation of master and servant did not exist so as to make deceased chargeable with the negligence of his brother who was driving the car.

Appeal and Error, 4 C. J. p. 1111 n. 83.
Master and Servant, 39 C. J. p. 1269 n. 52; p. 1270 n. 53.
Negligence, 29 Cyc. p. 545 n. 26; p. 549 n. 50, 51; p. 550 n. 55, 56.

See 2 R. C. L. p. 224; 1 R. C. L. Supp. p. 459; 4 R. C. L. Supp. p. 94; 5 R. C. L. Supp. p. 84.
See 20 R. C. L. p. 159; 3 R. C. L. Supp. p. 1039; 4 R. C. L. Supp. p. 1341; 5 R. C. L. Supp. p. 1084.

After the former appeal the case was tried before Roeser, J., and a jury which returned a verdict in favor of plaintiff. Defendant appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*John E. Palmer, Edward P. Kelly* and *James R. Bennett, Jr.*, for appellant.

*Donohue & Quigley* and *Frank Tolman*, for respondent.

STONE, J.

This personal injury case is here for the second time. Our first decision is reported in 160 Minn. 471, 200 N. W. 740. The second trial resulted in another verdict for plaintiff and defendant appeals from the order denying its motion for judgment notwithstanding the verdict or a new trial. The former opinion should be referred to for the facts, for we do not propose to restate them. At the first trial it was ruled as a matter of law that there was no relation of master and servant between the deceased, Lewis Iverson, and his brother Ed, the owner and driver of the automobile, the careless operation of which contributed very largely to the collision between it and defendant's passenger train. It was solely because we considered that question one of fact, which should have been submitted to a jury, that we sent the case back for a new trial.

We have considered the argument for defendant that on the second trial it made out a conclusive case of contributory negligence against the deceased. We cannot adopt that view. The record is not different in substance on this issue from the one made at the first trial. There is some difference in the testimony of Ed Iverson, but not enough to prevent the former decision's remaining the law of the case, to the effect that contributory negligence of the deceased was a question for the jury.

The only other point for defendant is that the relation of master and servant is now established conclusively. The record does not support that claim. Again, it may be said that there is so little difference between the present record and the former one that the decision on the first appeal is the law of the case and so is alone sufficient to have required the submission of this question to the jury. But we do not stop there. We have re-examined the testimony and, if anything, it is now stronger than before against holding Lewis Iverson to have been the employer of his brother Ed, during their ill-fated last journey in the latter's automobile. It is clear that, at the time being, Ed was not an employe of his brother in any conventional sense. He was not the latter's hired man. He may have been helping in the threshing of his brother's crops, but there is now evidence to the contrary. The most that can be said is that for the time being he had put himself and his touring car at the disposal of Lewis and for the latter's convenience. But it was done as a courtesy and not for hire, and whatever control may have been exercised over Ed and the machine during the journey in question was permitted through courtesy and not because of contract or other legal right. Ed, as the owner of the car, was the driver and in control. The control was his even though for the moment it had been subordinated to the convenience of Lewis. There is nothing in Cotton v. W. & S. F. Ry. Co. 99 Minn. 366, 109 N. W. 835, 8 L. R. A. (N. S.) 643, 116 Am. St. 422, 9 Ann. Cas. 935, nor Kokesh v. Price, 136 Minn. 304, 161 N. W. 715, 23 A. L. R. 643, which makes for the opposite view.

"The power to control the alleged servant is the test of the existence of the relationship." 26 Cyc. 1520. As just indicated, that

power of control was absent from this case. Temporary actual control permitted through courtesy cannot alone take the place of the legal power of control so as to create the relation of master and servant where it would not exist otherwise. If the careless operation of the machine by Ed Iverson at the moment in question had resulted in injury to a third party, it would not be seriously claimed that his brother Lewis could have been held, as a matter of law, under the rule respondeat superior. It follows that the negligence of Ed cannot be imputed to the deceased, Lewis, as a matter of law. That is as far as we need go.

Order affirmed.