HENRY B. McDONALD, PLAINTIFF-APPELLANT, v. ROYAL INDEMNITY INSURANCE COMPANY, A CORPORATION, DEFENDANT-RESPONDENT.

Submitted May 27, 1932—Decided October 17, 1932.

For the plaintiff-appellant, *Bain & Fowler* (*Alfred Brenner,* of counsel).

For the defendant-appellee, *King & Vogt* (*Harold A. Price,* of counsel).

The opinion of the court was delivered by

BODINE, J. This is an appeal from a judgment of nonsuit. The plaintiff procured from the defendant a policy of indemnity insurance. He became involved in an automobile accident and a judgment was recovered against him. He sought in this action to recover damages against the indemnity company, alleging that it had failed and neglected to properly protect and represent him as required by the terms of its policy. It appears that the defendant company could have settled the action against the plaintiff for $2,000. A verdict for $7,500, however, was recovered. This judgment was set aside. Subsequently, the action could have been settled for $3,500, but a judgment was recovered for $20,000.

The policy is in the usual form. The pertinent portions are as follows: "The Royal Indemnity Company * * * hereby agrees with the insured * * * that if during the term * * * (of the policy) * * * any person or persons should sustain bodily injuries by accident whether resulting fatally or otherwise * * * by reason of the ownership, maintenance or use * * * of the automobiles described * * * at any location within the United States of America or the Dominion of Canada for which bodily injuries * * * the insured * * * as hereinafter provided, are liable for damages, then the company shall indemnify against loss arising out of such liability, subject to the limits of liability set forth in Statement 12, * * * And will in addition, in the name and on behalf of the named insured * * *. 1. Defend all claims or suits for such bodily injuries. 2. (a) Pay all costs and expenses incurred with the company's written consent. (b) Pay all taxed costs. (c) Indemnify for all interest accruing upon any judgment. 3. Repay the expense incurred in providing such immediate surgical relief as is imperative at the time of the accident."

It is to be noted that the obligation is to indemnify against loss within certain limits, to defend all suits, and to pay certain specified costs and expenses. The defendant appears to have done exactly what it was called upon to do under the

terms of its policy. Nor is there any evidence that it defended the law suit growing out of the automobile accident in a negligent and careless manner. It did not agree to and was not obliged to settle by the payment of money the action brought against its assured. The allegations of negligence in the complaint were not proved at the trial.

"The rights of the parties are to be determined by the agreement into which they entered. By the provisions of the policy the insurance company was obliged to defend at its own cost any action against the insured, and the entire management of the defense was expressly intrusted to it, and the insured was forbidden to settle any claim, or to interfere in any negotiations for the settlement, or in any legal proceeding against it. The insurer was under no obligation to pay in advance of trial, and the decision whether to settle or to try was committed to it. The plain words of the policy have no other meaning." *C. Schmidt & Sons Brewing Co.* v. *Travelers' Insurance Co.*, 90 *Atl. Rep.* 653; 244 *Pa.* 286.

"The insurance company, in refusing to settle the actions, did what it had the legal right to do under the terms of the policy." *Auerbach* v. *Maryland Casualty Co.*, 236 *N. Y.* 247; 140 *N. E. Rep.* 577.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 13.

*For reversal*—None.