HILDUR FINNEY v. A. L. NORWOOD AND ANOTHER.[1]

December 31, 1936.

No. 30,963.

[1]Reported in 270 N. W. 592.

*Cobb, Hoke, Benson, Krause & Faegre* and *Raymond A. Scallen,* for appellants.

*Ryan, Ryan & Ryan,* for respondent.

LORING, JUSTICE.

Plaintiff had a verdict for $7,500 in an action for personal injuries alleged to have been received while she was taking passage in one of defendants' cabs, at about six o'clock p. m. March 2, 1935. The defendants come here on an appeal from an order denying their motion for judgment notwithstanding the verdict or for a new trial.

At the time stated the plaintiff, accompanied by a friend, Anna Danska, called one of the defendants' cabs. The cab, a coach or two-door type, was pulled up to the curb at such an angle that it was necessary for the plaintiff to step down off the curb and then upon the running board of the cab in order to effect an entrance to it. Plaintiff had a bundle of groceries in her right arm and a large pocketbook and another package in her left. The cabman, as he pulled up to the curb, instead of alighting and assisting the plaintiff with her bundles, kept his seat, opened the right-hand door, and swung the right-hand front seat of the car forward so as to facilitate the entrance of the two young women into the cab. It was then dusk of a March evening, and the right-hand running board of the cab was covered with a heavy coating of ice for a distance of approximately two feet lengthways at the point where

passengers would naturally be stepping upon it in order to enter the cab.

Plaintiff, as she endeavored to enter the cab, stepped on the ice-covered running board and fell into the car, striking her head with such force and in such a way that her medical experts assert that the paralysis of the right side of her face from which she now suffers was caused by the fall.

The defendants' principal contentions are that the plaintiff was guilty of contributory negligence as a matter of law; that the evidence did not justify the jury in finding that the paralysis is a result of the fall; and that the verdict of $7,500 is so excessive as to indicate passion or prejudice upon the part of the jury.

■ In view of the fact that it was dusk at the time of the accident and that the plaintiff was encumbered with bundles which demanded her attention and which occupied her arms as she was getting in without assistance, we think that it was at least a question for the jury whether she was guilty of contributory negligence.

■ Defendants' contention that the connection between the accident and the paralysis is based upon speculation and conjecture is largely based upon some disagreement as to the location of the pressure on the nerve which has resulted in the paralysis. There was also some dispute among the physicians who testified as to the proper reading of the X-ray pictures. The plaintiff's medical experts were of the opinion that due to fracture or injury received in the fall there was a formation of scar tissue around the seventh cranial nerve (sometimes referred to in the evidence as the facial nerve) which, by compression on that nerve, gradually destroyed it so as to cause the paralysis which, in their opinion, was permanent and practically complete as to the right side of the plaintiff's face. The defendants' medical experts on the other hand asserted that the paralysis was caused by some sort of infection attacking the seventh cranial nerve and that if it were due to an injury back of where the seventh nerve leaves the skull the eighth cranial nerve would also have been affected and plaintiff would be deaf in her right ear. One of the plaintiff's experts was of the opinion that the blow on top of the head which plaintiff received caused an injury

to the bottom of the head or base of the skull and structures attached to the base and caused a hemorrhage into the base of the brain and the "brain stem," and, with other injuries in the region through which the seventh cranial nerve passes, resulted in an impingement due to the healing process heretofore mentioned. This would, in his opinion, gradually result in the permanent paralysis from which the plaintiff is suffering. Upon the whole record we are quite convinced that it was a question for the jury as to whether the plaintiff had established the connection between the fall and the paralysis.

■ It is true that the plaintiff has apparently lost no time from her employment due to her injury. But the paralysis of the right side of her face has involved the right part of her forehead, the right eyebrow, the right eyelid, the cheek, and has caused a drooping of the mouth on the right side, some atrophy of the muscles in the chin, and the right side of her tongue is also affected. Without going into further detail as to the effects of the paralysis upon the plaintiff, a single woman 27 years old, it is quite obvious that, in addition to the inconveniences which the record discloses, the disfigurement will be a serious obstacle to her future employment and chances of marriage. In cases of this kind the question of excessiveness is peculiarly one for the trial court. Upon the whole record, we regard the damages assessed by the jury as small rather than excessive.

■ We discover no merit in the appellants' assignments of error as to the charge, though some of it might have been expressed with more clarity. Insofar as it failed in this respect, we think the rule of Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754, is applicable. While it was unfortunate that counsel for the plaintiff should have repeatedly referred to the nonresidence of defendants' counsel and that of their expert medical witnesses, since the trial court did not regard it as prejudicial we are not inclined to set aside the verdict on that account. Nor do we discover any prejudice in the rulings on the evidence.

The order appealed from is affirmed.

MR. JUSTICE STONE took no part in the consideration or decision of this case.