## LOUISE OLSON v. KENNEDY TRADING COMPANY AND OTHERS.[1]

April 9, 1937.

No. 31,215.

[1]Reported in 272 N. W. 381.

494

L. S. Miller, for appellants.
William L. Petersen and H. O. Chommie, for respondent.

PETERSON, JUSTICE.

Appeal from an order denying defendants' motion for a new trial after verdict for plaintiff in the sum of $6,300.

Plaintiff was injured while riding with her husband in his automobile on trunk highway No. 11, about four and one-half miles northeast of Karlstad, at about 4:30 o'clock in the afternoon of December 8, 1934. Her injuries were caused by a collision between her husband's automobile and a truck of the defendant Kennedy Trading Company, driven by the defendant Boman, its employe. Plaintiff and her husband were going northeast toward Greenbush, and defendant's truck, with a trailer heavily loaded with poles, was going

southwesterly, when the automobiles approached each other. Plaintiff alleged negligence on the part of defendants in driving on the left-hand side of the road so as to crowd plaintiff's husband's car toward the ditch on their right-hand side of the road, and in driving the heavily loaded truck with a trailer at a dangerous rate of speed upon a road on which there was loose gravel, and negligently managing the truck so that the truck swerved and hit the car of plaintiff's husband, forcing it partly off the road.

■ It is claimed that the verdict is excessive. At the time of the accident plaintiff was 54 years old and in good health except that she had some pain in her chest, for which she was seeking medical attention. The evidence tends to show severe and permanent injuries. Her right arm was fractured at the elbow and healed in such a manner as to cause permanent inability to straighten the arm. She sustained a probably permanent weakened condition of the right hand and inability to bend the forefinger of the hand to the palm so as to be able to grasp things; an injury to the right shoulder that interferes with its normal function so that she cannot wash her neck and comb her hair. The medical testimony of plaintiff is that she has sustained a loss of function of the right arm of 30 to 40 per cent. Plaintiff's left arm was broken at the shoulder, resulting in a loss of function. She can raise her arm only in a restricted degree, cannot tie her apron behind, and cannot swing the arm backward. This condition is probably permanent. Her left hand is injured so that it cannot be closed; she cannot do her hair with it, and the hand is much weakened. Plaintiff's doctors estimated that the loss of function to the left arm is between 30 and 40 per cent.

In addition, plaintiff sustained many other bruises, wounds, and injuries. Bladder trouble followed as a result of her being confined to her bed and the treatment of her injuries, which has caused her great pain and distress. She will probably recover from this ailment. She was confined to her bed as a result of the accident over two and a half months, six weeks of which were spent in the hospital, and she had to take medicines and drugs to heal her injuries

and quiet her nerves. It was eight and one-half months after the accident before she was able to do even some light work. Other items of injury are stated in the evidence. Defendants' medical testimony tended to show that the injuries were severe but not so severe as claimed by plaintiff. On the whole, it tended to show the same character of injuries. Defendants' doctors estimated that plaintiff sustained 10 per cent permanent loss of function in her right arm, from 10 to 20 per cent loss of function to the left shoulder, and a total bodily loss of function of from 15 to 20 per cent. The damages allowed are not excessive. They appear to be compensatory and such as have had the approval of this court in prior decisions. Tegels v. Tegels, 177 Minn. 222, 225 N. W. 85; Finney v. Norwood, 198 Minn. 554, 270 N. W. 592; Carlin v. Kennedy, 97 Minn. 141, 106 N. W. 340; Martin v. Schiska, 183 Minn. 256, 236 N. W. 312.

■ Error is assigned in that the court below refused to submit to the jury the question whether plaintiff and her husband were engaged in a joint venture at the time of the accident, or whether the relation of principal and agent or master and servant existed between them. The claim of joint venture is based upon the fact that plaintiff's husband was taking her, at her request, to a doctor at Greenbush for treatment for an ailment she then had. It is claimed that because the purpose of the trip was for medical treatment of the wife the husband and plaintiff were engaged in a joint enterprise to accomplish that purpose. There was no proof of joint control or operation of the husband's automobile by plaintiff and her husband. The evidence is that the husband had the sole operation and control of the car. Plaintiff gave no orders and did not control him in the driving of it. It is the contention of the defendants that an inference of such joint venture may be drawn from the fact of marital relation and that the trip was for the joint purposes of the husband and wife, which was to secure medical attention for the wife. In a joint enterprise each party has authority to act for all parties thereto in respect to the means or agencies used to execute the common purpose. If there is no such authority

for each to act for the other there is no joint venture. In the case of a passenger and driver of an automobile, there must be joint control or operation of the automobile to constitute a joint venture. A joint venture, like any other fact, must be proved by the party asserting it. It is not presumed. The marriage relation alone does not give the wife any right of control or direction over the husband or his automobile, nor may such control and direction be inferred from the fact that she is riding with him on a trip for her own as well as his purposes. Although the purposes of the trip and the objects to be attained by it were joint, the driving and control of the automobile were the sole acts of the husband. The test in cases of this kind is whether or not the parties were jointly operating or controlling the movements of the automobile at the time of the collision. The evidence does not show control or right of the wife to control the husband's driving, and his negligence, if any, is not imputable to her. Kokesh v. Price, 136 Minn. 304, 161 N. W. 715, 23 A. L. R. 643. In that case it was held that the fact that the husband and wife, with their family, were riding in his automobile, which he was driving, to a lake for a fishing trip, did not make the driving of the automobile a joint enterprise, although the purpose of the trip was for the pleasure and enjoyment of the wife as well as the husband, upon the grounds that it appeared in that case that the husband solely was operating and controlling the automobile and that the wife exercised no direction or control over the automobile or the husband. The Kokesh case is in accord with the authorities. The negligence of the driver of an automobile is not imputable to a passenger riding with him, exercising no control or direction over his driving of the same, even though the passenger may be his wife. Finley v. C. M. & St. P. Ry. Co. 71 Minn. 471, 74 N. W. 174; Lammers v. G. N. Ry. Co. 82 Minn. 120, 84 N. W. 728; Hollister v. Hines, 150 Minn. 185, 184 N. W. 856; Brubaker v. Iowa County, 174 Wis. 574, 183 N. W. 690, 18 A. L. R. 303; Knoxville Ry. & Light Co. v. Vangilder, 132 Tenn. 487, 178 S. W. 1117, L. R. A. 1916A, 1111; 5-6 Huddy, Cyc. Auto. Law (9 ed.) 287; 5 Am. Jur. p. 784, § 498; 48 A. L. R. 1078; 59 A. L. R. 153; 90 A. L. R. 635.

There was no proof of any relationship of principal and agent or master and servant between plaintiff and her husband. Neither of these relations may be inferred from the facts in this case. The marriage relation alone does not constitute the husband the wife's agent or her servant. We are asked to hold that an inference may be drawn from the marriage relation alone that the husband is the wife's agent or servant. This is not permissible as a matter of law. The husband and wife are independent of each other as far as relates to the mentioned relationships. Agency and employment of the husband by the wife can result only by appointment and authorization or hire, as in cases where the marital relation does not exist between the parties. The relation of principal and agent or that of master and servant does not arise from the fact that the wife is riding with the husband as a passenger in his automobile. 5 Am. Jur. p. 784, § 498; Kokesh v. Price, Finley v. C. M. & St. P. Ry. Co. and other authorities, *supra*. In Rodgers v. Saxton, 305 Pa. 479, 158 A. 166, 80 A. L. R. 280, it was held that the fact that the wife owns the car which the husband is driving and in which she is a passenger does not *prima facie* give rise to an inference of the relationship of principal and agent or master and servant.

It is urged in this connection that the facts of this case take it out of the ordinary rule, which has just been stated, that the negligence of the husband is not imputable to the wife, because in this case the plaintiff asked her husband to take her to Greenbush in his automobile so that she might have medical attention. The fact that the husband transported his wife in his automobile at her request does not change the relationship existing between them. True, in many of the cases cited, the wife rode with the husband at his invitation and request. In any event, the transportation is attributable to the relation of husband and wife existing between the parties. The husband is under a legal duty to provide his wife with medical care and attention. 13 R. C. L. p. 1208, § 240, note 12; 30 C. J. p. 603, § 146. In taking his wife to the doctor the husband was in the performance of a legal duty which he owed her. The

husband retained control of the car. The act of transportation was done as a duty and a courtesy and not for hire and did not subject him to the control and direction of the wife. The evidence shows that she did not in fact exercise any direction or control over him but rode as his passenger. Under the circumstances, it cannot be said that the husband was acting as the agent or servant of the wife in driving the automobile. Kokesh v. Price, 136 Minn. 304, 309, 161 N. W. 715, 23 A. L. R. 643; Molden v. M. St. P. & S. S. M. Ry. Co. 167 Minn. 132, 208 N. W. 541. The rule is that if an act may be legitimately referred to a relation existing between the parties an inference will not be drawn that the parties established a new relationship for the purpose of the act. De Shields v. Insurance Co. of North America, 125 S. C. 457, 118 S. E. 817, in which it was held that where the parties stand in the relation of mortgagor and mortgagee and the taking out of insurance on the mortgaged property by the mortgagee is such an act as may be legitimately referred to that relation, it will not be held that the parties intended to superimpose the relation of principal and agent on the relation of mortgagor and mortgagee already existing so as to make the procuring of insurance by the mortgagee the act of the mortgagor. So in this case it should be held that the act of the husband is referable to the marital relation. The relation of principal and agent or master and servant ought not to be inferred or superimposed thereon. The court below was correct in refusing to submit these issues to the jury.

■ It is urged that error resulted from the refusal to submit to the jury the question of the husband's intoxication as evidence that the husband caused the accident. The ground of such refusal was that the evidence was insufficient to support a finding that the husband was intoxicated. The only direct evidence that the husband drank any intoxicating liquor was that he and another man each took a drink of whisky, "a swallow," the witness said, about 9:00 or 9:30 in the forenoon, about seven or seven and a half hours prior to the accident. Evidence was offered to show that an inference of drunkenness might be drawn from certain facts. A witness testi-

fied that he smelled liquor in the husband's office in which there were four or five customers present at the time, but he did not state that he smelled liquor on the husband; another witness smelled liquor in the automobile·in which the husband was taken to the hospital after the accident, but he did not smell the liquor on the husband; and an empty whisky bottle, wrapped in a rag, was found the next day in a pocket on the inside of one of the car doors. The doctor and nurse who cared for the husband after the accident testified positively that he was not intoxicated and that they found no evidence that he had been drinking. A state highway patrolman and a young lady who examined the car door pocket in which the empty whisky bottle was alleged to have been found testified positively that there was no bottle or rag in the pocket immediately after the accident. The evidence was not sufficient to support a finding that the husband was intoxicated, and the court very properly refused to submit the issue to the jury.

■ It is urged that the court erred in charging the jury that if it appeared that the driver of the truck was negligent and that such negligence contributed to or caused the collision it did not make any difference if the plaintiff's husband was also negligent in operating his automobile, in which plaintiff was riding, or that the husband's negligence combined or concurred with the negligence of the driver of the truck to cause the collision. The charge was correct. Lammers v. G. N. Ry. Co. and Finley v. C. M. & St. P. Ry. Co., *supra.* If the exception to the charge is well taken, the negligence of the husband in driving the automobile is imputable to the wife. This clearly is not the rule. 5 Am. Jur. p. 784, § 498; Kokesh v. Price, *supra,* and other authorities on this point, *supra.*

■ It is further alleged that the court below erred in instructing the jury that the negligence, if any, of plaintiff's husband would not be imputable to plaintiff. In this connection, however, the entire charge is to be considered. The jury was instructed that plaintiff herself as a passenger was bound to exercise ordinary prudence and care for her own safety. The court pointed out that the marital relation alone is not sufficient, to impute to the wife the husband's

negligence, if any, in driving his car. This was correct. Kokesh v. Price; Lammers v. G. N. Ry. Co.; Finley v. C. M. & St. P. Ry. Co., *supra*.

Other claims of error have been considered. They do not merit separate consideration in this opinion.

Affirmed.

