## DOROTHY HOGE v. HARRY V. TEEGARDEN.[1]

May 6, 1938.

No. 31,573.

*Sexton, Mordaunt, Kennedy & Carroll* and *R. J. Tyrrell*, for appellant.

*Lamberton & Lamberton*, for respondent.

PETERSON, JUSTICE.

The only issue is whether the verdict of $4,800 is excessive. Plaintiff was injured in a head-on collision between defendant's automobile and the one in which she was riding. She claimed to have sustained injuries to her nose, teeth, and leg, and cuts and bruises resulting in severe shock and pain, disfigurement of her face, and impairment of health. She was so disabled that she could not work for ten weeks, during which she spent four days in a hospital. Her special damages amounted to $694.95, which included an item of $225 for damage to the automobile in which she was riding (for which she apparently was liable as bailee) and the sum of $150 as the cost of replacement of certain teeth by dental work. Plaintiff is 19 years old.

[1]Reported in 279 N. W. 401.

Plaintiff's nose was broken and pushed over. There was a laceration on the left side of the nose about three-fourths of an inch long. The doctors pressed the nose back into position. At the trial they testified that it was still a little bit out of line, but they said the result was good considering the nature of the injury. The laceration left a scar. The doctors did not sew up the laceration because there were pieces of broken bone in it which they thought might come out and because they thought it would improve nasal drainage. Just how much the nose is out of line and its present appearance cannot be told from the record. One of the doctors said that he "got it in practically the position you see it in now." This is illustrative of the testimony. Of course the jury and the court below could see the nose, but we cannot. It further appears that as a result of the nose being pushed over the septum was also pushed over so that it interferes with breathing, thereby aggravating an existing nose condition and predisposing plaintiff to colds. She testified that she had practically no trouble with colds before the injuries but had four colds between the time of the injury and trial. There is medical testimony that the condition of the septum can be corrected by an operation. There is a showing that her front teeth were knocked loose; that one of them was pushed back farther than the others and had enamel chipped off of it; that her teeth are sensitive. Her dentist testified that these teeth will die, must be removed, and will require replacement with a bridge or other dental work. Plaintiff also sustained an injury to her left ankle resulting in swelling, stiffness, and limitation of motion. The evidence on this point is not clear, but it is to the effect that her motion was limited to about a right angle and that before her injury it was about 15 to 20 degrees more than that. Because of the ankle condition, it is painful for plaintiff to stand, especially at her work. In addition, plaintiff's voice has been impaired by reason of the injuries to her nose. Before the accident she did not have any difficulty in making people understand her but afterward she did by reason of her nasal condition interfering with her speech. There is medical testimony to contradict that of plaintiff in this respect. It was necessary to insert stitches in sewing up wounds in one of plain-

tiff's eyelids and her lower lip. Plaintiff now suffers from headaches, colds, and pains which she claims are attributable to her injuries. The facial disfigurement, the injuries to plaintiff's nose, teeth, and ankle, and the impairment of her health and voice appear to be permanent. In addition, plaintiff suffered a severe shock and physical pain. The verdict has the approval of the trial judge. The amount of damages for personal injuries is peculiarly within the province of the jury. The damages awarded in this case are not excessive. The verdict is comparable to verdicts where the injuries were somewhat similar which have had the approval of this court. Finney v. Norwood, 198 Minn. 554, 270 N. W. 592; Serr v. Biwabik Concrete Aggregate Co. 202 Minn. 165, 278 N. W. 355.

The order denying a new trial is affirmed.

MR. JUSTICE STONE, because of illness, took no part in the consideration or decision of this case.