## A. L. NORWOOD AND ANOTHER v. TRAVELERS INSURANCE COMPANY.[1]

March 17, 1939.

No. 31,930.

*Cobb, Hoke, Benson, Krause & Faegre* and *Raymond A. Scallen,* for appellant.

*Ryan, Ryan & Ryan,* for respondents.

HOLT, JUSTICE.

Plaintiffs, partners, were operating two taxicabs in Brainerd, this state, in March, 1935, when Miss Hildur Finney signified her desire to become a passenger in one of them. In attempting to enter the cab, she claimed that her foot slipped on the ice-coated running board, causing her to fall so as to strike her head against some hard projection inside the cab, producing paralysis of her right facial nerve. She sued plaintiffs, alleging her injury to be

[1]Reported in 284 N. W. 785.

due to their negligence. Plaintiffs held a policy issued by defendant whereby it agreed to defend plaintiffs against any claim for injury in the operation of this cab and to indemnify them for all sums they should be obligated by law to pay to anyone injured in the operation thereof, not exceeding $5,000, interest, and costs. Defendant was notified of the suit and defended. However, Miss Finney received a verdict for $7,500. A motion for judgment notwithstanding the verdict or a new trial was denied, and from the order an appeal to this court was taken March 11, 1936. Judgment was entered on the verdict April 15, 1936. The order was affirmed in this court December 31, 1936. Finney v. Norwood, 198 Minn. 554, 270 N. W. 592. Defendant paid its full obligations under the policy, which was applied upon the judgment. Then plaintiffs sued defendant to recover as damages the balance unpaid upon Miss Finney's judgment. There was a verdict for plaintiffs for $1,819.69. Defendant's motion for judgment non obstante veredicto being denied, this appeal from the judgment followed.

The action was not predicated upon any breach of the terms or conditions of the policy, but upon a tort. The complaint alleges that Miss Finney, April 22, 1936, offered to compromise her judgment for $5,378.81, but that defendant "wrongfully and in bad faith failed and neglected to advise plaintiffs of such opportunities to settle said action," and wrongfully and in bad faith declined to settle said action to plaintiffs' damage in the sum of $2,472.86, the balance unpaid on the judgment. The answer is a general denial, except as it admits the steps taken in Miss Finney's action against plaintiffs. The only question presented by the appeal is: Does the evidence warrant a recovery of any damages against defendant? The record is conclusive that defendant ably conducted the defense in the Finney case and paid the full measure of its liability on the policy and to that extent satisfied the judgment entered against plaintiffs. The only flaw in defendant's conduct is based upon the fact that it did not notify plaintiffs of its receipt of this letter from Miss Finney's attorneys, now plaintiffs' attorneys:

"Law Offices of Ryan, Ryan & Ryan,
"Brainerd, Minnesota.
"April 22, 1936.

"Travelers Insurance Company
"900 Security Building
"Minneapolis, Minnesota
"Gentlemen:

"Re: Hildur Finney v. A. L. Norwood and B. Weseman, doing business as Brainerd Cab Company

"For the purpose of the record incident to any further proceedings that may arise in the matter of the above entitled case, we give you this notice, viz.:

"That the plaintiff, Hildur Finney, will accept in satisfaction of the judgment rendered and entered on April 15, 1936, in the amount of $7,908.81, that amount measuring your liability under your policy of insurance to the defendants accrued to date, viz.: $5,378.81.

"If payment is tendered within one (1) week from this date of said amount, it will be accepted in full payment and satisfaction of the judgment entered.

"Yours very truly,
"(Signed)    C. A. Ryan."

The learned trial court correctly, we think, instructed the jury thus:

"There is no evidence in the case that would justify you in finding that the insurance company acted in bad faith in defending this case upon the trial, or in taking an appeal, or in declining to accept the offer made by Hildur Finney through her attorneys.

"In this case there is no evidence to show bad faith on the part of the insurance company in electing to continue to prosecute its appeal notwithstanding such offer of settlement. The fact that the appeal was unsuccessful is no evidence of bad faith. And mere mistakes of judgment are no evidence of bad faith. You would not be justified in finding against the insurance company in this case on account of any claimed bad faith in conducting the trial of this

case, or in taking the appeal, or in declining the offer of settlement so made to it.

"And the reason I call your attention to this situation is because the plaintiffs claim bad faith in two particulars: one, in continuing the appeal after the offer was made and in not accepting the offer; and the complaint also charges that the company was guilty of bad faith because, after it received this offer, [it] failed and neglected to notify the plaintiffs of the receipt of the offer and of its contents."

It is thus seen that the court submitted to the jury as the only basis for recovery defendant's bad faith or negligence in not making and sending to plaintiffs a copy of the letter of Miss Finney's attorneys to it containing the offer of settlement. The omission so to do cannot be charged to bad faith or any intentional wrong. At most it was an error of judgment. Moreover, as said in Mendota Elec. Co. v. New York Ind. Co. 175 Minn. 181, 184, 221 N. W. 61; 62, and emphasized with italics in Lawson & Nelson S. & D. Co. v. Associated Ind. Corp. 204 Minn. 50, 57, 282 N. W. 481, 484: *"There must be bad faith with resulting injury to the insured before there can be a cause of action."* In the first place, no reasonable person could have anticipated that failure to notify plaintiffs of Miss Finney's offered compromise could possibly cause them injury. From affidavits of plaintiff Norwood, showing their inability to furnish a supersedeas bond to stay the entry of judgment pending the appeal in the Finney case, defendant and its attorneys knew that the only property or means plaintiffs had was a less than nominal equity in the two taxicabs they were operating, purchased under a conditional sales contract, only a small part of the purchase price paid, and subject to a chattel mortgage for much more than any remaining equity in plaintiffs. In their situation no sane person could anticipate that they would attempt to raise a dollar toward procuring a satisfaction of the judgment, to say nothing of anticipating Mr. Norwood's borrowing $500 from his brother for such a purpose. There is no testimony that Miss Finney or her attorneys ever took any steps to enforce the balance of the judg-

ment against plaintiffs or even asked them to pay it. Their willingness to borrow $500 from Norwood's brother for the purpose of compromising the judgment was first sprung at the trial of this action; the complaint did not even suggest it. Quite the contrary, it was negatived, for the damages asked was for the full amount unpaid on the judgment. The suspicion is irresistible that the entire matter of this plan to borrow $500 for the purpose stated was an afterthought to favorably affect the jury.

This court in common with those in other jurisdictions recognizes that the insured and insurer by indemnity policies similar to the one here involved are placed in such relation to each other that, aside from the contractual obligations of the policy, each owes to the other the duty of refraining from any wrongful and tortious act that would cause injury. But it is impossible, under the facts and conditions shown by this record to have existed, when defendant received the above quoted letter from Miss Finney's attorneys, to discover that any injury could or did result from a failure to send a copy thereof to plaintiffs. In the two cases from this court above referred to it was held as a matter of law that there could be no recovery upon evidence much more suggestive of wrong and resulting injury than here.

Plaintiffs cite and rely on two Wisconsin decisions as sustaining the verdict here. Hilker v. Western Auto. Ins. Co. 204 Wis. 1, 231 N. W. 257, 235 N. W. 413; Lanferman v. Maryland Cas. Co. 222 Wis. 406, 267 N. W. 300. In the first case there was a rehearing after the death of the justice who wrote the first opinion, and another justice wrote a clarifying opinion. The ground of recovery there was placed in part at least upon bad faith or negligence in investigating the facts and in defending the insured in a case where the injury was obviously so severe that in all probability the recovery would exceed the indemnity named in the policy. The insured paid the judgment after an affirmance in the supreme court and sued the insurer for the excess paid over the policy liability. The jury found upon adequate evidence that the insurer could have settled for less than the coverage before and during the trial and

that it acted in bad faith toward the insured in failing to make such settlement and in handling the claims made against the insured. There the insurer knew the seriousness of the claims asserted against the insured and that a settlement could be had for much less than the indemnity coverage. In the Lanferman case the insurer knew from its own investigation that a judgment in excess of the policy coverage could be expected against the insured and that the claim against him could be settled for the face of the policy and costs; that the insured urged that it be done. The insurer declined because of the costs, insisting that the insured or his father contribute that much to a settlement. The jury's finding of bad faith was sustained. To these cases may be added Douglas v. U. S. F. & G. Co. 81 N. H. 371, 127 A. 708, 37 A. L. R. 1477, often cited in actions similar to the one at bar in support of recovery. There recovery was placed upon the culpable negligence of the insurer in failing to settle for $1,500, which could have been done in a case where the injury was so severe that a judgment was awarded in an amount of nearly more than three times the indemnity of the policy.

No case has been cited where a recovery has been placed solely, as here, upon the failure to notify the insured that the injured party is willing to satisfy the larger judgment against the insured for the full liability of the insurer under the policy. In Best Building Co. Inc. v. Employers' Liab. Assur. Corp. 247 N. Y. 451, 160 N. E. 911, 71 A. L. R. 1464, the insured alleged failure of the insurer to notify the former of the proposition of the injured party to compromise the claim asserted against the insured, but the court refused to consider such failure either negligence or bad faith upon which to ground a recovery. The following decisions also may be cited in support of our conclusion that defendant is entitled to prevail: Davis v. Maryland Cas. Co. 16 La. App. 253, 133 So. 769; City of Wakefield v. Globe Ind. Co. 246 Mich. 645, 225 N. W. 643; McDonald v. Royal Ind. Ins. Co. 109 N. J. L. 308, 162 A. 620; Schmidt v. Travelers Ins. Co. 244 Pa. 286, 90 A. 653, 52 L.R.A. (N.S.) 126.

The judgment is reversed with direction to enter judgment in favor of defendant notwithstanding the verdict.

MR. JUSTICE HILTON, incapacitated by illness, took no part.