F. M. CHANCEY, Appellant,

v.

NEW AMSTERDAM CASUALTY COMPANY, Appellee.

No. 6944.

Court of Civil Appeals of Texas.

Amarillo.

May 31, 1960.

Rehearing Denied July 5, 1960.

Boling & Griffith, Lubbock, for appellant.

Crenshaw, Dupree & Milan, Lubbock, J. Orville Smith, Amarillo, of counsel, for appellee.

DENTON, Chief Justice.

This suit was brought by appellant, the assured of a liability insurance policy, against appellee insurance carrier, to recover an amount in excess of the policy limits which had been assessed by a jury in a prior case against appellant. This suit is brought under the so-called Stowers doctrine based on Stowers Furniture Co. v. American Indemnity Co., Tex.Com.App., 15 S.W.2d 544.

The present case followed appellee's refusal to compromise and settle the claim of one Walter Van Luit against appellant which resulted in a jury verdict and judgment against appellant in the amount of $58,422.83. Chancey et al. v. Van Luit et al., Tex.Civ.App., 306 S.W.2d 377 (writ refused N.R.E.). The policy limits under the liability policy issued to appellant was $50,000. The record reflects the appellee paid Van Luit the amount of the policy limit of $50,000 plus interest and court costs. The appellant has paid the balance of $8,422.83 to Van Luit, and it is this amount appellant is seeking over and against the appellee. The case was submitted to a jury and upon the finding of the jury of one special issue the trial court entered a judgment that appellant take nothing. From this judgment appellant duly perfected this appeal and brings forward six points of error.

Appellant's Points of Error 1 and 2 complain of the trial court's action in sustaining an exception to appellant's petition which alleged the failure of appellee to "negotiate" for a settlement of the case, and refusal of the trial court to submit issues based on the above allegation. It is appellant's contention that in as much as the policy gives the insurer the right to "investigate, negotiate and settle" any claim arising under the policy, this right is equally accompanied by the duty to negotiate as well as to settle. The landmark case in Texas on this question is the case of Stowers Furniture Co. v. American

Indemnity Co., supra, in which we find the following language [15 S.W.2d 547]:

"* * * the company reserved the right to settle any such claim or suit brought against the assured. Certainly, where an insurance company makes such a contract; it, by the very terms of the contract, assumed the responsibility to act as the exclusive and absolute agent of the assured in all matters pertaining to the questions in litigation, and, as such agent, it ought to be held to that degree of care and diligence which an ordinarily prudent person would exercise in the management of his own business; and if an ordinarily prudent person, in the exercise of ordinary care, as viewed from the standpoint of the assured, would have settled the case, and failed or refused to do so, then the agent, which in this case is the indemnity company, should respond in damages."

It will be noted that nowhere in the opinion does the court use language to distinguish between the insurer's duty to negotiate and settle. No case has been cited, and we have found none which makes such a distinction. The ultimate responsibility of the insurer to the insured is to exercise such care and diligence which an ordinary, prudent person would exercise in the management of his own business. We can not agree with appellant's contention that the duty to negotiate is separate and apart from the duty to settle. It is our view that the duty to settle implies the duty to negotiate. These two duties can not be separated as far as the basic obligation to the insured is concerned. It is difficult to see how any controversy could be settled without some measure of negotiation. We therefore overrule appellant's Points 1 and 2.

By a third point of error, appellant complains of the trial court's instruction in connection with the special issues submitted. The instruction complained of reads as follows:

"You are instructed that under the law in Texas, an insurer is required to exercise ordinary care in considering whether an offer of settlement should be accepted, but an insurer does not necessarily become liable merely because the decision to reject an offer of settlement proves to be wrong; in other words, the duty to exercise ordinary care leaves room for an error in judgment without liability necessarily resulting therefrom."

Rule 277, Vernon's Ann.Civ.St., specifically provides that a trial court shall submit explanatory instructions as may be necessary to enable the jury to intelligently pass on the various issues submitted. As stated above in the Stowers case, due care is the required burden placed on the insurer in these cases. Other cases decided since the Stowers case have uniformly followed this basic principle. As stated in Highway Ins. Underwriters v. Lufkin-Beaumont Motor Coaches, Tex.Civ.App., 215 S.W.2d 904, 928:

"Only due care is required of Insurer, and therefore we agree with Insurer that Insurer did not become liable to Insured merely because a decision to reject Alexander's offers proved to be wrong. Due care leaves room for an error of judgment, without liability necessarily resulting."

See also Jones v. Highway Ins. Underwriters, Tex.Civ.App., 253 S.W.2d 1018. It is our opinion the trial court correctly applied the law of the case in the above-quoted instruction. Appellant's third point of error is overruled.

In the other three points of error, appellant refers to the entry of the judgment in this case, notwithstanding the failure of the jury to answer Special Issues Nos. 2, 3 and 4 submitted, dealing with the failure of appellee to settle the claim within the policy limits after the entry of the judgment in the Van Luit case. The jury had found in response to Special Issue No. 1 that the insurance company was not negligent by

766

"refusing to settle such suit for a sum of money within the $50,000.00 limit of the policy." The remaining three issues inquired if the Van Luit offered to settle the case after judgment within the policy limits; if the insurer refused the offer, and if such refusal was negligence. As indicated, the jury was unable to answer the latter three issues.

It is appellant's position that the jury's verdict was incomplete in that Issues 2, 3 and 4 were unanswered, and that a mistrial should have been granted. In order for this position to be tenable, the issues which were unanswered must be material, and there must have been evidence to support the submission of such issues. Jones v. Highway Ins. Underwriters, supra. The issue answered by the jury found the insurer was not negligent in "refusing to settle such suit." We can not agree that such an issue restricted the time for settling before the jury verdict or entry of judgment. It seems clear that the issue answered was the ultimate issue of the case, and that the subsequent issues were immaterial under the holding of the Stowers case and later cases following that decision. Appellant had cited no case which applies the Stowers doctrine in a situation where an offer of settlement was refused after judgment. An independent search has revealed no such holding in this State. We are therefore unwilling to apply this rule in the case before us. This is particularly true where the jury has absolved the insurance company of any negligence in answer to a general special issue under an appropriate instruction. To hold otherwise would deprive a litigant of its rights to appeal. An insurer can not be said to be negligent for taking an appeal in the absence of evidence of bad faith or that there was not a reasonable basis or ground for such an appeal. We find no such evidence in this case. Davis v. Maryland Casualty Co., 16 La.App. 253, 133 So. 769; Norwood v. Travelers Ins. Co., 204 Minn. 595, 284 N.W. 785, 131 A. L.R. 1496. We have been unable to find a Texas case directly in point, but we cite

with approval the rule above cited from cases in other jurisdictions. We therefore overrule appellant's Points of Error 4, 5 and 6.

After carefully reviewing the record and the cases cited, we find no reversible error. The judgment of the trial court is affirmed.