EVA M. NESSON *vs.* UNITED STATES CASUALTY COMPANY.

Suffolk.   January 12, 1909.— February 24, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Insurance,* Against liability.

A policy of insurance which insured one " against loss from common law or statutory liability for damages on account of bodily injuries . . . accidentally suffered . . . by any person " in connection with elevators in a building of the insured and which contained a clause stipulating, " No action shall lie against the company, as respects any loss under this policy, unless it shall be brought . . . to reimburse [the insured] for loss actually sustained . . . in satisfaction of a judgment . . . and after trial of the issue," contained also a clause requiring the insured, in case an action was brought against him upon a claim for such injuries, immediately to forward to the insurance company every summons and other process, and proceeded: " and the company will, at its own cost, defend against such proceeding in the name and on behalf of the insured, or settle the same, unless it shall elect to pay to the insured the indemnity provided for in clause A, as limited therein."   Clause A merely stated limitations to the amounts which the company might be required to pay under the policy. *Held,* that the company was not bound to defend for the insured an action against him founded on a claim such as was described in the policy, but might elect not to defend and to stand ready to pay such loss as might be sustained by the insured by reason of his being compelled to pay a judgment rendered against him in such an action; and, in case the company so elected and the insured conducted a successful defense, the company was not liable to reimburse the insured for the expense to which he was put in his defense.

CONTRACT on a policy of insurance " against loss from common law or statutory liability for damages on account of bodily injuries, fatal or non-fatal, accidentally suffered within the period of this policy by any person or persons while in the car of " an elevator in a building of the plaintiff " or in the elevator well or hoistway of same, or while entering upon or alighting from the car."   Writ in the Superior Court for the county of Suffolk dated March 3, 1908.

The defendant demurred to the declaration.   The demurrer was heard before *Wait,* J., who made an order sustaining it. Judgment was entered for the defendant; and the plaintiff appealed.

The material allegations in the declaration are stated in the opinion.

*A. Lincoln,* for the plaintiff.

*R. Spring,* for the defendant.

KNOWLTON, C. J.    This is an appeal from a judgment for the defendant, founded on an order sustaining the defendant's demurrer to the plaintiff's declaration.    The suit was brought under a policy of insurance against loss from common law or statutory liability for damages on account of bodily injuries, accidentally suffered, within the period of the said policy, by any person or persons while in the car of certain elevators in a building belonging to the plaintiff, or in the elevator well or hoistway of the same, while entering upon or alighting from the car.    The declaration avers that a suit was brought against the plaintiff to enforce an alleged claim for damages on account of an accident occurring in connection with one of the said elevators, and that the plaintiff was obliged to conduct the defense thereof, and was put to great expense in maintaining her defense until there was a termination of the suit in her favor.    The decision of the case turns upon the construction of certain clauses of the policy upon which the rights of the parties depend.

The principal agreement of the defendant is to indemnify the plaintiff against loss from the liability for damages on account of accidental injuries of the kind described.    But the averments of the declaration tend to show that there was no such liability on the part of the plaintiff for the accident in question, and there is no averment of the existence of such a liability.    If the case stopped here it would be plain that the plaintiff could not recover.

Number seven of the general agreements between the parties contains a provision that " No action shall lie against the company, as respects any loss under this policy, unless it shall be brought by the assured himself, to reimburse him for loss actually sustained and paid by him in satisfaction of a judgment, within sixty days from the date of such judgment, and after trial of the issue."    This provision in itself would seem to be an absolute bar to the present action.

As against these provisions the plaintiff relies upon number two of the general agreements, which immediately follows a provision requiring the assured to give the defendant immediate

notice in writing of any accident covered by the policy, and is as follows: " If thereafter any suit is brought against the assured to enforce a claim for damages on account of an accident covered by this policy, the assured shall immediately forward to the home office of the company every summons or other process, as soon as the same shall have been served on him, and the company will, at its own cost, defend against such proceeding, in the name and on behalf of the assured, or settle the same, unless it shall elect to pay to the assured the indemnity provided for in Clause A of special agreements,* as limited therein." The meaning of a clause in similar language has been considered in *Connolly* v. *Bolster*, 187 Mass. 266, *Davison* v. *Maryland Casualty Co.* 197 Mass. 167, and *O'Connell* v. *New York, New Haven, & Hartford Railroad*, 187 Mass. 272. It was inserted for the benefit of the defendant, to enable it to assume the defense of any suit which it deems it for its interest to defend, or settle it if it sees fit. But it is to do this only at its own election, and it may elect instead to do nothing about it and to pay the assured the indemnity provided for in Clause A of the special agreements. If it makes the latter election, its liability under the provision for paying indemnity is not enlarged, but remains unchanged. With this election, number seven of the general agreements is in force, and the general provision for indemnifying the assured applies only to cases of actual common law or statutory liability of the kind described, and does not include unwarranted claims of liability. The decision in *Cornell* v. *Travelers' Ins. Co.* 175 N. Y. 239, covers almost exactly the question before us. This was considered with approval by the federal court in this circuit, in *Munson* v. *Standard Ins. Co.* 145 Fed. Rep. 957 ; *S. C.* 156 Fed. Rep. 44.

*Judgment affirmed.*

---

* This clause is as follows : " A. The company's liability for an accident resulting in injuries to or in the death of one person is limited to $5,000, and, subject to the same limit for each person, the total liability for any one accident resulting in injuries to or in the death of several persons is limited to $10,000."