## AMERICAN INDEMNITY CO. v. G. A. STOWERS FURNITURE CO.

### No. 9529.

Court of Civil Appeals of Texas. Galveston. April 16, 1931.

Rehearing Denied May 21, 1931.

King, Wood & Morrow, Fouts, Amerman, Patterson & Moore, and Joe Moore, all of Houston, for appellant.

Fulbright, Crooker & Freeman, and Atkinson & Gaugler, all of Houston, for appellee.

GRAVES, J.

This is the second appeal of this cause; the result in both appellate courts of the first one, in which the position of the parties as litigants was the reverse of that now appearing, being reported through this court's opinion in 295 S. W. 257, and the Supreme Court's in 15 S.W.(2d) 544, respectively. The suit is between the same two private corporations on the same $5,000 policy of automobile indemnity insurance as applied to the same transaction; that is, to the prior payment by the Stowers Company, the insured, of a judgment in excess of $14,000 Miss Mamie Bichon had obtained against it as the result of a collision with one of its autotrucks that the policy covered. The sole issue involved is whether or not the appellant indemnity company is liable to the appellee insured company for the claimed consequence of the former's alleged negligence in failing to make a $4,000 settlement of her cause of action Miss Bichon offered during the pendency of but before judgment in the suit thereon that so terminated.

This court on the former appeal construed the policy as importing no such legal liability, and limited the indemnity company's obligation thereunder to a faithful defense of the Bichon suit. G. A. Stowers Furniture Co. v. American Indemnity Co., 295 S. W. 257, at page 261 (2). The Supreme Court, however, disapproved that, and remanded the cause, holding that, as a matter of law under the terms of the policy, the insurer should respond in such damages as proximately resulted, "if an ordinarily prudent person, in the exercise of ordinary care, as viewed from the standpoint of the assured, would have settled the case, and failed or refused to do so." G. A. Stowers Furniture Co. v. American Indemnity Co. (Tex. Com. App.) 15 S.W.(2d) 544, 547.

On the trial from which the present appeal proceeds, the learned and experienced trial judge tracked that decision by submitting the fact inquiry therein pointed out to a jury, under the likewise presented definition of ordinary care, and, on the return of a finding upon sufficient evidence that such a person would have made the $4,000 settlement, entered judgment against appellant in appellee's favor for the full amount it had so finally paid Miss Bichon.

We think that verdict finally settled this controversy, and that appellant's present contentions (1) that appellee waived the right to recover for its negligent failure to make the settlement by thereafter accepting the benefits of its defense of the suit, (2) that the court should have defined ordinary care to mean in this instance "such care as a reasonable, prudent, and cautious attorney in this locality would have exercised in the circumstances," cannot be sustained. Aside from the fact that the claim of waiver appears to have been adversely adjudicated in the former cause, the evidence this time wholly fails to support it, in that it conclusively appears, on the one hand, that, when appellant was negotiating concerning the settle-

ment, it did not think appellee had any such right under the contract to waive, rather was then insisting otherwise, and, on the other, that appellee's manager at that time told appellant's attorney they were going to hold it responsible in event of more than a $5,000 verdict, and "ridiculed him for not making a settlement." Such a situation did not raise an issue of "an intentional relinquishment of a known right." Missouri, K. & T. Ry. Co. v. Hendricks, 49 Tex. Civ. App. 314, 108 S. W. 745, 749, writ of error refused; 40 Cyc. pages 261 and 269.

Obviously, too, the suggested definition of ordinary care would have been directly contrary to the quoted holding of the Supreme Court on the subject.

So that, the law of this case having been so clearly declared upon the former appeal and so conformably administered below in the present trial, an affirmance should follow. It will be so ordered.

Affirmed.