### JONES v. HIGHWAY INS. UNDERWRITERS.

No. 12475.

Court of Civil Appeals of Texas. Galveston.

Dec. 4, 1952.

Rehearing Denied Jan. 15, 1953.

Jo Shaw, Morris, Underwood & Oldham and Larry W. Morris, all of Houston, Graves, Dougherty & Greenhill and Joe R. Greenhill, of Austin, for appellant.

Butler, Binion, Rice & Cook, Frank J. Knapp and Percy Don Williams, Jr., of Houston, for appellee.

CODY, Justice.

This suit was brought by appellant, who carried the liability insurance on one of his automobiles with appellee, which figured in an accident in which one Morris Johnson lost his life. Thereafter the wife and child of Morris Johnson instituted a suit in the District Court of Chambers County to recover $85,000 damages. Morris Johnson was the employee of another concern which carried its compensation insurance with Anchor Casualty Company. That company paid out compensation benefits on account of the resulting injuries and death of Morris Johnson to an amount in excess of $13,000, and it intervened in the suit brought by Mrs. Johnson and child against appellant to recoup the compensation benefits it had paid out from any recovery which might be had against appellant.

The limit of liability under the policy for injuries sustained by a single person was $25,000. The appellee defended the suit in the name of appellant, and judgment was rendered against appellant in the sum of $53,533.62, which was in excess of the insurance coverage carried by appellant by more than $28,000. The facts in connection with said damage suit are reported in the case of Roy L. Jones Truck Line v. Johnson, Tex.Civ.App., 225 S.W.2d 888. Appellee paid off $25,000 of the judgment and appellant paid the balance.

Appellant bases this suit to recover against appellee upon the doctrine announced by the Supreme Court in G. A. Stowers Furniture Co. v. American Indemnity Co., Tex.Com.App., 15 S.W.2d 544. Appellant alleged, among other things, that before judgment was rendered in the aforesaid damage suit, being so defended by appellee, a joint offer to settle the case for approximately $15,000 was made to appellee on behalf of the Johnsons and the Anchor Casualty Company. That the fact of this offer of settlement having been made was unknown to appellant until after judgment had so been rendered against him. He alleged that the failure to settle the case was negligence which proximately caused appellant his damages in the amount of the excess over the limit of liability which he carried with appellee, as aforesaid. Appellant's further allegations with respect to the alleged negligence of appellee are sufficiently reflected in the special exceptions which are hereinafter set out.

Appellee answered, among other things, that no such offer of settlement was made, and, that if it was mistaken, then its agents and attorneys merely made a mistake of judgment in believing that they could obtain a verdict favorable to appellant or one in which recovery would be for less than $25,000.

Upon the trial of this present case appellee moved for a directed verdict at the close of all of the evidence, which was re-

fused. The court then submitted the case to the jury upon 16 special issues. It is material to the determination of this appeal to set out Special Issues Nos. 1 to 4, inclusive, as answered by the jury; also Special Issue No. 6; also Special Issues Nos. 14 to 16, inclusive, as so answered by the jury. These special issues as so answered are:

"Special Issue No. 1.

"Do you find from a preponderance of the evidence that the Highway Insurance Underwriters, or its attorney, had an offer from the plaintiffs' attorneys to settle the suit brought by Mrs. Ida Dugat Johnson and her child against Roy L. Jones for the sum of approximately $15,000.00 before the jury rendered its verdict in said suit?"

Answered: "We do."

"If you have answered Special Issue No. 1, 'We do', and only in that event, then answer the following:

"Special Issue No. 2.

"Do you find from a preponderance of the evidence, that an ordinarily prudent insurance company, its claim agents or attorneys, in the exercise of ordinary care in the handling of the suit of Mrs. Ida Dugat Johnson, et al vs. Roy L. Jones Truck Lines, et al, would have accepted an offer, if any, to settle such suit for the sum of approximately $15,000.00?"

Answered: "We do."

"Special Issue No. 3.

"Do you find from a preponderance of the evidence that the case of Mrs. Ida Dugat Johnson against Roy L. Jones heretofore tried in this Court could have been settled by the defendant, Highway Insurance Underwriters, for an amount under the $25,000.00 policy limits of Roy L. Jones?"

Answered: "We do."

"If you have answered Special Issue No. 3, 'We do', and only in that event, then answer the following:

"Special Issue No. 4.

"Do you find from a preponderance of the evidence that the Highway Insurance Underwriters, in connection with the defense of the suit of Mrs. Ida Dugat Johnson vs. Roy L. Jones heretofore tried in this Court, failed to exercise that degree of care that a person of ordinary prudence would have exercised under the same or similar circumstances in an effort to settle said suit for a sum of money within the $25,000.00 limits of the policy held by the plaintiff, Roy L. Jones?"

Answered: "We do not."

"If you have answered Special Issue No. 4 'We do' and only in that event, then answer the following:"

(Special Issue No. 5 was not answered.)

\* \* \* \* \* \*

"Special Issue No. 6

"Do you find from a preponderance of the evidence that the defendant, Highway Insurance Underwriters, was negligent in not having present in Court at the time the case of Mrs. Ida Dugat Johnson vs. Roy L. Jones Truck Line was being tried, Mr. Elmer Gunn or some other duly authorized agent with authority to negotiate and finally approve a settlement of said cause?"

Answered: "We do not."

\* \* \* \* \* \*

"Special Issue No. 14

"Do you find from a preponderance of the evidence that the defendant, Highway Insurance Underwriters, and its agents and attorneys merely made a mistake of judgment in believing that they could obtain a verdict favorable to the defendant or one in which recovery would be for less than $25,000.00 in the case of Mrs. Ida Dugat Johnson, et al vs. Roy L. Jones Truck Lines, Cause No. 3586, in the District Court of Chambers County, Texas?"

Answered: "Yes."

"If you have answered the preceding Special Issue 'Yes', and only in that event, then answer the following Special Issue:

"Special Issue No. 15

"Do you find from a preponderance of the evidence that such mistake of

judgment, if any, by the Highway Insurance Underwriters, if any, was not negligence?"

Answered: "It was not negligence."

"If you have answered the preceding Special Issue No. 14 'Yes', and only in that event, then answer the following Special Issue:

"Special Issue No. 16

"Do you find from a preponderance of the evidence, that such mistake of judgment, if any, was a proximate cause of the damages sustained by Roy Jones?"

Answered: "Yes."

Is is sufficient to state that the court rendered judgment non obstante veredicto for appellee. In the court's order granting such judgment it was stated in substance that there was no evidence that the Anchor Casualty Company had authorized the settlement of its subrogation interests in the recovery which might be obtained in the original Johnson suit.

Appellant predicates his appeal upon 5 points, which read:

"Point No. 1.

"The Jury having found that the defendant had an offer to settle the suit brought by Mrs. Johnson and her child against Roy L. Jones for approximately $15,000.00 before a larger verdict was rendered, and that an ordinarily prudent insurance company, in the exercise of ordinary care in the handling of such suit would have accepted such offer, and there being evidence to support such findings, the Court should have rendered judgment for the plaintiff and not for the defendant.

"Point No. 2.

"There being evidence that the attorney Hoover for Anchor Casualty Company was authorized to negotiate a settlement with the attorney for the plaintiff and the attorney for the defendant in the Johnson case, the Jury was justified in finding that an offer of settlement was made and that the defendant was negligent in not accepting it.

"Point No. 3.

"There being evidence that Hoover, as attorney for the subrogation intervenor, following a custom in such cases had authorized plaintiff's attorney Jones to make a definite offer to settle the entire Johnson case for $15,000.00, which they had tentatively agreed to divide equally between plaintiff and intervenor, subject only to possible adjustments between themselves, in which the defendant was not interested, the Court erred in holding as a matter of law that Hoover had no authority to make such offer of settlement.

"Point No. 4.

"The findings of the Jury in response to Issues 14, 15 and 16 to the effect that plaintiff's damage was due to a mere mistake of judgment were not material or ultimate issues of fact and should not have been submitted to the Jury and should have been disregarded by the Court in rendering judgment.

"Point No. 5.

"If the findings of the Jury in response to Issues 14, 15 and 16 are ultimate and controlling issues of fact, they are in conflict with the findings of the Jury in answer to Issues 1, 2 and 3, finding that plaintiff's damage was proximately caused by the negligence of the defendant, and the Court should have granted plaintiff's motion to have the jury reconcile this conflict or should have granted plaintiff's motion for new trial because of the conflict."

It was determined by the Supreme Court in the Stowers case, supra [15 S.W.2d 547], that under the terms of the policy in that case, as a matter of law, the insurer should respond in such damages as proximately resulted "if an ordinarily prudent person, in the exercise of ordinary care, as viewed from the standpoint of the assured, would have settled the case, and failed or refused to do so * * *." See the opinion upon retrial of the case in conformity with the Supreme Court's holding, American Indemnity Co. v. G. A. Stowers Furniture

Co., Tex.Civ.App., 39 S.W.2d 956, writ refused. See also Highway Insurance Underwriters v. Lufkin-Beaumont Motor Coaches, Inc., Tex.Civ.App., 215 S.W.2d 904, following the Stowers case.

The terms of the policy in the present case, giving the insurer the right to defend suits in the insured's name, and the right to negotiate and settle claims against the insured, which come within the protection of the policy, are the legal equivalent of the terms of the policies in the Stowers case, and in Lufkin-Beaumont Motor Coaches case, supra.

The evidence in this case was sufficient to establish that the offer to settle the controversy for $15,000 was conditioned upon Mrs. Johnson and her minor son receiving from the settlement $7,500. There is every reason to believe that, had the offer been accepted, the settlement would have been made. The intervenor, as noted, was entitled by law to be fully repaid the compensation benefits it had paid from any recovery from appellant in the damage suit. The evidence showed that such subrogation claimants customarily, in order to effect a settlement, took fifty per cent. thereof. Such settlements had been always theretofore made when recommended by Mr. Hoover, the intervenor's attorney. Its agent here testified that in all probability he would have authorized the settlement upon Mr. Hoover's recommendation. And the evidence clearly established that Mr. Hoover would have recommended the settlement upon the indicated terms. It was, under the facts, understood that the intervenor would in all probability approve such settlement. But plaintiff's attorneys would not have settled the case had the intervenor not settled upon the customary terms so as to enable plaintiffs to get $7,500 of the $15,000. Mr. Hoover did not have prior authority from his client to make the settlement, and from the evidence it is clear that he would not have consented to the settlement in the absence of his client's approval, which it was deemed would have certainly been given. It is only after a judgment has been entered in a cause that a strong presumption is indulged that the attorney had been authorized by his client to have the judgment entered. See Williams v. Nolan, 58 Tex. 708.

Again, in a personal injury damage suit, a court is most likely to approve a settlement on behalf of a minor plaintiff which is recommended by the attorney who has the responsibility of representing the minor's interest. It is clear here that plaintiff's attorney would in no event have *recommended* to the court to approve the settlement unless Mrs. Johnson and her son were to receive from the settlement at least the contemplated $7,500.

In the Stowers case, and in the Lufkin-Beaumont Motor Coaches case, supra, the offer which was rejected by the insurance company was unconditional. In said cases the insurance company by accepting the offer would have been bound by its terms, and the claimant of damages would also have been bound.

We conclude that the trial court correctly held that, as a matter of law, the evidence failed to support the jury's finding, except upon the theory that the offer the jury had in mind was a *conditional* offer. We think such an offer is not sufficient.

The evidence was undoubtedly sufficient to raise the issue that the case against appellant could have been settled for $15,000, or as stated in Special Issue No. 3, for an amount under the $25,000 policy limits. And the evidence was amply sufficient to support the jury's affirmative answer to Special Issue No. 3. But the jury found in answer to the subsidiary issue to Special Issue No. 3 (i.e. Special Issue No. 4) against negligence.

We must, therefore, overrule appellant's Points 1 to 3, inclusive.

By its answer and evidence appellee raised the issue that it merely made a mistake of judgment in believing it could obtain a favorable verdict in the damage suit, or one in which recovery would be for less than $25,000. Under this pleading, and under plaintiff's evidence, the court submitted Special Issue No. 14, supra.

■ We agree ·with appellant that a "mistake of judgment" is not an ultimate issue here. In the Lufkin-Beaumont Motor Coaches, supra [215 S.W.2d 928], case, the court correctly held that *"Due care* leaves room for an error of judgment, without liability necessarily resulting." However, judgment·is but a factor or element in "due care"; and a "mere mistake of judgment in believing that they could obtain a verdict favorable to defendant", in the damage suit, would no more be a defense than an "honest mistake of judgment" would have been. As was said by Justice Holmes in The Germanic, 196 U.S. 589, 25 S.Ct. 317, 318, 49 L.Ed. 610, "But it is a mistake to say, * * * that if the man on the spot, even an expert, does what his judgment approves, he cannot be found negligent. The standard of conduct, whether left to the jury or laid down by the court, is an external standard, and takes no account of the personal equation of the man concerned."

However, for the reasons given, the court did not, in our opinion err in rendering judgment for appellee, and judgment is affirmed.

### On Appellant's Motion for Rehearing.

As pointed out in our original opinion, appellee defended against appellant's action primarily upon the ground that no offer of settlement was ever made to it. This defense, the jury, upon ample evidence, disallowed. See special issue No. 1, as answered.

We are constrained to hold that special issue No. 3 is broad enough to cover any factual situation outside of the scope of an unconditional offer of settlement. We overrule appellant's ably argued motion for rehearing.