donald 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN





 






NO. 3-93-397-CV






NANCY DONALD,



 APPELLANT


vs.





TEXAS FARMERS INSURANCE COMPANY,



 APPELLEE




 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT



NO. 92-02292, HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING



 




 This is an appeal from a summary judgment rendered in favor of appellee Texas
Farmers Insurance Company ("Texas Farmers"). Appellant Nancy Donald argues that the trial
court erred in granting Texas Farmers' motions for summary judgment because (1) her claims are
not barred by the compulsory counterclaim rule, and (2) her pleadings state a cause of action for
negligence, breach of contract, and violations of the insurance code. We will affirm.



BACKGROUND


 Nancy Donald and her children, Dustin Blair and Valerie Kirby, were involved in
a two-vehicle accident. Donald was driving one automobile in which her children were
passengers. Reyes Hernandez was driving the second automobile in which the vehicle's owner
Edward Garza and Edward's son, Ricardo, were passengers. 

 Edward Garza had liability insurance coverage through an automobile policy
purchased from Texas Farmers. This policy covered Garza as the named insured; it also covered
Hernandez because he was a permissive user of Garza's truck. The policy provided that Texas
Farmers would pay damages for bodily injury up to a maximum liability limit of $20,000 per
person and $40,000 per accident. Travelers Insurance Company ("Travelers") was the
underinsured motorist insurance carrier on Donald's vehicle.

 Donald, Blair, and Kirby asserted a claim for negligence arising out of the accident,
alleging that Hernandez negligently operated the truck and that Garza negligently entrusted the
truck to Hernandez. Their claims, combined with the claims of Edward and Ricardo Garza,
exceeded Texas Farmers' maximum insurance benefits of $40,000.

 In June 1989, counsel for Donald, Blair, and Kirby apparently wrote a letter to
Texas Farmers and Travelers offering to settle Kirby's and Blair's (1) claims against Hernandez in
exchange for $20,000 each, a total of $40,000. As to Donald, the letter allegedly stated:



Nancy Donald hereby offers unconditionally to settle any and all claims she has
against Travelers Insurance Company for damages owed to her by Reyes Patino
Hernandez for personal injuries and punitive damages, and to give Travelers a full,
final and unqualified release and assignment of her rights of action against Mr.
Hernandez, in exchange for the payment of $20,000 . . . . We are aware that this
offer creates, on the part of the liability carrier at least, a potential problem with
respect to its duties toward Mr. Garza. Please be advised that we will not accept
a settlement offer that would require a release of Mr. Garza. Instead, we have
resolved to pursue Mr. Garza for all the full damages he caused our clients to
sustain, and we intend to collect those damages from his personal estate.



 Texas Farmers responded by interpleading the remaining $34,300 into the registry
of the court and filing a request for declaratory judgment as to its duty to its insureds. The trial
court refused to grant the requested relief and Texas Farmers appealed that ruling; however,
Texas Farmers voluntarily dismissed that appeal in April 1991. 

 In November 1990, the underlying claims were tried to a jury, resulting in a
judgment in favor of Donald, Blair, and Kirby against both Garza and Hernandez for which they
were jointly and severally liable. (2)
 On May 28, 1991, Texas Farmers filed its "First Amended
Original Petition For Declaratory Judgment And Interpleader." Texas Farmers sought a
declaration on how to distribute the interpleaded $40,000 (3) insurance proceeds among the judgment
creditors Donald, Blair, and Kirby and asked the court to declare how to credit the $40,000
payment between the debtors Garza and Hernandez. On July 5, 1991, the trial court signed an
order permitting the interpleaded funds to be withdrawn and disbursed equally to Blair and Kirby
pursuant to an agreement among Donald, Blair, and Kirby. None of the tendered money was
disbursed to Donald.

 In an order dated August 21, 1991 (the "turnover order"), the court awarded
Donald all causes of action or claims that Garza and Hernandez owned against any liability
insurance carrier which might protect them from claims arising out of the collision.

 Texas Farmers' declaratory judgment and interpleader action was tried on
September 30, 1991, and the court rendered judgment on the same day, denying Texas Farmers'
petition for declaratory judgment. (4)
 Thereafter, on October 7, 1991, by virtue of the turnover
order, Donald, on behalf of Hernandez, filed a first amended original answer and counterclaim. 
In the post-judgment counterclaim, Donald alleged that Texas Farmers breached its common law
duty of good faith and fair dealing in connection with its investigation, processing, defense, and
payment of the claims against Hernandez as a result of the collision. Donald further alleged that
Texas Farmers breached its insurance contract and violated article 21.21 of the Texas Insurance
Code. Tex. Ins. Code Ann. art. 21.21 (West 1981 & Supp. 1994). (5) 

 On February 21, 1992, Donald filed this cause against Texas Farmers, alleging the
same claims as in her October 7, 1991, counterclaim, except that the claims were alleged on
behalf of both Hernandez and Garza. On February 11, 1993, Texas Farmers moved for summary
judgment, arguing that Donald's claims were barred by the compulsory counterclaim rule ("the
Rule"). See Tex. R. Civ. P. 97a. (6) On March 10, 1993, Texas Farmers filed a second motion for
summary judgment, arguing it was entitled to judgment as a matter of law on Donald's Stowers
claim, see G.A. Stowers Furniture Co. v. American Indem. Co., 15 S.W.2d 544, 545 (Tex.
Comm'n App. 1929, holding approved), because Donald had failed to offer unconditionally to
settle her claims against Texas Farmers' insureds within their policy's liability limits. On May
28, 1993, the trial court granted both of Texas Farmers' motions for summary judgment. Donald
appeals.



STANDARD OF REVIEW


 In an appeal from a summary judgment granted in the defendant's favor, we must
determine whether the summary-judgment proof establishes as a matter of law that no genuine
issue of fact exists as to one or more of the essential elements of the plaintiff's cause of action. 
Gibbs v. General Motors Corp., 450 S.W.2d 827, 828 (Tex. 1970). In deciding whether a
disputed material fact issue precluding summary judgment exists, we must take as true all
evidence favoring the non-movant and indulge every reasonable inference and resolve every doubt
in its favor. Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). If
the moving party proves there is no genuine issue of material fact regarding an essential element
of the non-movant's cause of action, the burden shifts to the non-movant to rebut this evidence
with evidence of its own. See Tex. R. Civ. P. 166a(c); City of Houston v. Clear Creek Basin
Auth., 589 S.W.2d 671, 678 (Tex. 1979); Coan v. Winters, 646 S.W.2d 655, 658 (Tex.
App.--Fort Worth 1983, writ ref'd n.r.e.).



DISCUSSION AND HOLDING


 In her first point of error, Donald complains that the trial court erred in granting
Texas Farmers' first motion for summary judgment on the basis that her claims were barred by
the Rule. Donald asserts her claims are not barred by the Rule because (1) the Rule does not
apply to a petition that fails to state a claim and (2) her claims are permissive rather than
compulsory because they do not arise from the same transaction or occurrence that was the subject
matter of Texas Farmers' declaratory-judgment action. (7)

 We first note that Donald did not raise her first argument, regarding Texas
Farmers' failure to state a claim, at the trial-court level. "The non-movant must expressly present
to the trial court, by written answer or response, any issues defeating the movant's entitlement [to
summary judgment]." McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 343 (Tex.
1993). "Issues not expressly presented to the trial court by written motion, answer or other
response shall not be considered on appeal as grounds for reversal [of a summary judgment]." 
Tex. R. Civ. P. 166a(c). Thus, "[t]he written answer or response to the motion must fairly
apprise the movant and the court of the issues the non-movant contends should defeat the motion." 
Clear Creek Basin Auth., 589 S.W.2d at 678. Accordingly, we do not consider Donald's
argument that Texas Farmers failed to state a claim in its declaratory-judgment action.

 We turn now to Donald's second argument. Donald argues that her claims are
permissive rather than compulsory because they do not arise out of the "transaction or occurrence"
that was the subject matter of Texas Farmers' earlier declaratory-judgment and interpleader
action. 

 A counterclaim is compulsory if:



(1) it is within the jurisdiction of the court; (2) it is not at the time of filing the
answer the subject of a pending action; (3) the action is mature and owned by the
pleader at the time of filing the answer; (4) it arises out of the transaction or
occurrence that is the subject matter of the opposing party's claim; (5) it is against
an opposing party in the same capacity; and (6) it does not require for its
adjudication the presence of third parties over whom the court cannot acquire
jurisdiction.



Wyatt v. Shaw Plumbing Co., 760 S.W.2d 245, 247 (Tex. 1988) (emphasis added). "If a claim
meets these elements, it must be asserted in the initial action. A defendant's failure to assert a
compulsory counterclaim precludes its assertion in later actions." Id. 

 Federal courts utilize four different tests for distinguishing between compulsory and
permissive counterclaims based on the "same transaction or occurrence" factor. The four tests
are:



(1) Are the issues of fact and law raised by the claim and counterclaim largely
the same?


(2) Would res judicata bar a subsequent suit on defendant's claim absent the
compulsory counterclaim rule?


(3) Will substantially the same evidence support or refute plaintiff's claim as
well as defendant's counterclaim?


(4) Is there any logical relation between the claim and the counterclaim?


6 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1410
(1990) [hereinafter "Wright"]. Donald contends that under each of these four tests, her claims
are merely permissive.

 In recent years, several Texas courts of appeals have held that the proper test for
determining whether two causes of action arise from the same transaction or occurrence is the last
test listed above, known as the "logical-relationship" test. Jones v. First Nat'l Bank, 846 S.W.2d
107, 109 (Tex. App.--Eastland 1992, no writ); Tindle v. Jackson Nat'l Life Ins. Co., 837 S.W.2d
795, 798 (Tex. App.--Dallas 1992, no writ); see Lesbrookton, Inc. v. Jackson, 796 S.W.2d 276,
281 (Tex. App.--Amarillo 1990, writ denied); White v. Rupard, 788 S.W.2d 175, 178 (Tex.
App.--Houston [14th Dist.], writ denied). It has been stated that the hallmark of the logical-relationship test is its flexibility, and that "of the four judicially formulated standards, the logical
relation test has by far the widest acceptance among the courts." Wright, § 1410.

 Regarding the legislature's objectives in implementing the Rule, the Texas
Supreme Court has stated:



It has long been the policy of the courts and the legislature of this state to avoid a
multiplicity of lawsuits. The need for judicial economy has recently become more
acute because the dockets of our trial courts are overburdened, and litigants must
wait far too long for their cases to be heard. In keeping with the policy to avoid
multiple lawsuits, Texas Rule of Civil Procedure 97(a) was promulgated. 


Wyatt, 760 S.W.2d at 246-47. In furtherance of these objectives, and in harmony with our sister
courts of appeals, we, too, adopt the broad logical-relationship test for the purposes of
distinguishing between permissive and compulsory counterclaims. 

 Applying the logical-relationship test to this set of facts, we conclude that the claim
Donald presented in the instant cause arose out of the same transaction or occurrence that was the
subject of Texas Farmers' declaratory-judgment action. By virtue of the August 21, 1991,
turnover order, Donald acquired any claims Garza or Hernandez may have had against Texas
Farmers relating to the insurance contract. She stood in their shoes for the purpose of asserting
those claims. Donald sued Texas Farmers, alleging, essentially, a negligent failure to accept a
settlement offer from Donald within the liability limits of the policy. In Texas Farmers' action
for interpleader and declaratory judgment, Texas Farmers was seeking a declaration as to how to
distribute the $40,000 proceeds, and how such payments should be credited between Garza and
Hernandez.

 We agree that Donald's claims against Texas Farmers were logically related to the
claims Texas Farmers asserted in its interpleader and declaratory-judgment action. See Tindle,
837 S.W.2d at 800 (compulsory counterclaim rule barred action by beneficiary of life insurance
policy for negligence, misrepresentation, and breach of contract against insurance company who
issued policy because such claims should have been brought in insurance company's previous
interpleader action for division of insurance proceeds). Both sets of claims arose from the same
insurance policy, both are based on the same automobile accident, and both concern Texas
Farmers' duties under that contract and in its status as insurer for Garza and Hernandez. Thus,
Donald should have raised her present claims against Texas Farmers in its interpleader and
declaratory-judgment action. Accordingly, we hold that the trial court did not err in granting
summary judgment in favor of Texas Farmers on the basis of the compulsory counterclaim rule. 
Donald's first point of error is overruled. 

 In Donald's second point of error, she contends the trial court erred in granting
Texas Farmers' second motion for summary judgment which alleged she had not stated an
enforceable Stowers claim. This point turns upon the contents of a purported settlement letter
apparently dated June 9, 1989. Although both parties refer to the letter, quote liberally from the
letter, and Texas Farmers attaches such a letter to its brief, we are unable to locate the letter in
the appellate record. Appellant has the burden to present the appellate court with a complete
record on which we can decide the case, and in the absence of doing so, cannot prevail on appeal. 
Tex. R. App. P. 50(d). Accordingly, we overrule Donald's second point of error. Nevertheless,
if the letter were in the record, we would overrule point of error two for the following reasons.

 First, Donald argues that her June 1989 letter "clearly constitutes an offer to settle
and release Hernandez from liability," and, thus, there was a material fact issue as to whether she
had an enforceable Stowers claim against Texas Farmers, precluding summary judgment. See
G.A. Stowers Furniture Co., 15 S.W.2d at 545. Texas Farmers argues that the letter's language
demonstrates that Donald did not offer to settle her claims against Hernandez or Garza. (8) 
Alternatively, Texas Farmers argues that, even if there were such an offer, it was conditional and
thus could not support a Stowers claim. See Jones v. Highway Ins. Underwriters, 253 S.W.2d
1018, 1022 (Tex. Civ. App.--Galveston 1953, writ ref'd n.r.e.); Danner v. Iowa Mut. Ins. Co.,
340 F.2d 427, 429 (5th Cir. 1964).

 We agree with Texas Farmers that Donald made no offer to Texas Farmers to
settle her own claims against Hernandez. (9) Nevertheless, even assuming the letter constituted such
an offer, we conclude that any such offer was conditional and, thus, unable to support a Stowers
cause of action. Jones, 253 S.W.2d at 1022; Danner, 340 F.2d at 429. 

 The doctrine of equitable subrogation is recognized in Texas. American Centennial
Ins. v. Canal Ins., 843 S.W.2d 480, 482 (Tex. 1992); Employers Casualty Co. v. Transport Ins.
Co., 444 S.W.2d 606, 610 (Tex. 1969). Under equitable subrogation principles, an "insurer
paying a loss under a policy becomes equitably subrogated to any cause of action the insured may
have against a third party responsible for the loss." American Centennial Ins., 843 S.W.2d at
482. Based on the language of Donald's June 1989 letter, if the parties had agreed to its terms,
Travelers would have paid Donald $20,000 for her underinsured motorist claim and then would
have become subrogated in that amount to Donald's claims against Hernandez. Although
Travelers may have chosen not to pursue these claims, the relevant inquiry is whether it could
have pursued such a claim. Because Travelers could have pursued such a claim, Hernandez was
not fully released because the settlement offer was conditioned on Travelers' waiver of its
subrogation claim. Thus, Donald's Stowers claim must fail. (10)

 Donald argues, however, that even if this Court finds the offer was conditional, her
pleadings were broad enough to support more than just a negligent failure to settle pursuant to
Stowers. See Ranger County Mut. Ins. Co. v. Guin, 723 S.W.2d 656, 659 (Tex. 1987). Donald
contends that her claims also encompassed Texas Farmers' alleged failure to fully advise
Hernandez of the ramifications of the offer in the June 1989 letter and to give him the opportunity
to make the decision whether he was willing to accept it. 

 First, this argument assumes that such an offer was made in the first place, a
contention we have already rejected. Futhermore, Donald never raised this issue in response to
Texas Farmers' motion for summary judgment. Instead, Donald merely argued that there was a
material fact issue as to whether she had a valid Stowers claim against Texas Farmers. "[I]ssues
a non-movant contends avoid the movant's entitlement to summary judgment must be expressly
presented by written answer to the motion or by other written response to the motion and are not
expressly presented by mere reference to summary judgment evidence." McConnell, 858 S.W.2d
at 341; see Tex. R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court by written
motion, answer or other response shall not be considered on appeal as grounds for reversal."). 
We conclude Donald has waived any argument regarding Texas Farmers' alleged negligence
outside of a Stowers claim. For these reasons, as well, we would overrule Donald's second point
of error. 

 We affirm the trial court's judgment.



 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: June 29, 1994

Do Not Publish

1.   Blair's settlement offer was complicated by the fact that Texas Farmers had already
paid $5,700 to settle the claims of the Garzas against Hernandez, leaving a balance of
only $34,300 available to settle the claims of Donald, Blair, and Kirby. Thus, the letter
requested that Travelers give its written consent to the settlement with Hernandez and
supplement Texas Farmers' payment in an amount sufficient to reach the $40,000 total. 
Blair's action against Hernandez would then be assigned to Travelers.
2.   The parties dispute the terms of the jury verdict and we are unable to locate the
verdict in the appellate record. The specific terms are not controlling; the parties agree
that the judgment exceeds the policy coverage.

3.   Texas Farmers asserted in the petition that it had previously paid $5,700 to settle
the Garzas' claims against Hernandez, leaving $34,300 available to settle the claims of
Donald, Blair, and Kirby; the $34,300 had already been paid into the registry of the court
in a previous related action. However, Texas Farmers agreed to treat the previously paid
$5,700 as uninsured motorist coverage and thus tendered that amount into the registry in
addition to the $34,300, for a total of $40,000. 
4.   The trial court concluded that Texas Farmers' petition for declaratory judgment
was moot because the division of the interpleaded funds had previously been decided by
order of that court. It further concluded that until Hernandez or Garza actually made
payments, the court was unable to determine whether one had paid a disproportionate
share of the judgment. Texas Farmers appealed the denial to this Court, and we
affirmed the trial court's judgment. Texas Farmers Ins. Co. v. Garza, No. 3-92-023-CV
(Tex. App.--Austin Oct. 14, 1992, no writ) (not designated for publication).

5.   We note that Donald did not file her answer and counterclaim until after the trial
court rendered judgment, which would have made the trial court's consideration of these
pleadings improper. 2 R. McDonald, Texas Civil Practice in District and County Courts,
§ 10.12, at 500 (1992); see Briercroft Serv. Corp. v. Perez, 820 S.W.2d 813, 818 (Tex.
App.--Corpus Christi 1990), aff'd in part and rev'd in part on other grounds, 809 S.W.2d 216
(Tex.); Morris v. Hargrove, 351 S.W.2d 666, 668 (Tex. Civ. App.--Austin 1961, writ ref'd
n.r.e.). Nevertheless, after Donald filed a motion with the court on January 10, 1992, to
sever her counterclaim from the declaratory-judgment action, the trial court purportedly
dismissed the counterclaim without prejudice and denied the severance in an order signed
April 7, 1992. However, we note that by this time, the court had lost plenary jurisdiction
over the cause. See Tex. R. Civ. P. 329b(d).
6.   The Rule states in pertinent part:


A pleading shall state as a counterclaim any claim within the jurisdiction of
the court, not the subject of a pending action, which at the time of filing the
pleading the pleader has against any opposing party, if it arises out of the
transaction or occurrence that is the subject matter of the opposing party's
claim and does not require for its adjudication the presence of third parties of
whom the court cannot acquire jurisdiction. . . .


Tex. R. Civ. P. 97(a).
7.   We note that in response to Texas Farmers' motion for summary judgment in the
court below, Donald also argued that her claims against Texas Farmers did not mature
until after she filed her answer to Texas Farmers' declaratory-judgment action. 
However, because Donald does not raise that argument on appeal, we do not address it
here.
8.   There does not seem to be any dispute that the June 1989 letter does not make an
offer to settle any claims against Garza. The letter purportedly reads, "Please be advised
that we will not accept a settlement offer that would require a release of Mr. Garza. 
Instead, we have resolved to pursue Mr. Garza for all the full damages he caused our
clients to sustain, and we intend to collect those damages from his personal estate. . . ." 
9.   The letter apparently states, "Nancy Donald hereby offers unconditionally to settle
any and all claims she has against Travelers Insurance Company for damages owed to her by
Reyes Patino Hernandez . . . and to give Travelers a full, final and unqualified release and
assignment of her rights of action against Mr. Hernandez, in exchange for the payment of
$20,000.00." (Emphasis added). By the clear terms of the language, this offer was made to
Travelers, not Texas Farmers, and it was an offer to settle Donald's claims against Travelers,
not Hernandez.
10.   We note that there were other conditions besides Travelers' waiver of its
subrogation claim. Donald wanted a total settlement of $20,000 each for her and both of
her children. Texas Farmers' policy limit was $20,000 per person and $40,000 per
accident. Thus, the letter asked that Travelers agree to pay Donald $20,000 and Blair
approximately $5,700 to bring Blair's settlement amount up to $20,000. It is unclear
from the record whether the amount Travelers would have to pay to bring Blair's
settlement up to $20,000 was $5,700 or $7,000.